JAMES A. GRAHAM, PLAINTIFF IN ERROR, v. THE ORANGE COUNTY NATIONAL BANK, DEFENDANT IN ERROR.

59  225|
66E 404|

If an officer of a bank, who is also a member of its discount committee, takes part in discounting a note made to him individually for an unlawful purpose in which he participated, his knowledge of such illegality is not imputable to the bank.

On error to the Passaic Circuit Court.

For the plaintiff in error, *Eugene Stevenson*.

For the defendant in error, *Munson Force* and *Michael Dunn*.

The opinion of the court was delivered by

GARRISON, J. The case upon which the court below directed a verdict for the plaintiff was this: Graham, the defendant in the suit, had made a note, payable to and endorsed by G. W. Murray, which was discounted by the plaintiff. At the time the note was thus discounted, Murray, the payee of the note, was president of the plaintiff corporation, and, together with its cashier, constituted the discount committee. The defence was that Murray knew that the note was given to raise funds for an illegal purpose and that his knowledge was imputable to the bank. The law upon the subject of imputable knowledge is laid down by this court in the case

of *Willard* v. *Denise*, 5 *Dick. Ch. Rep.* 482. In the case before us Murray did not act at all for the bank. His conduct was actuated wholly by personal reasons, and if he knew that he was taking part in an unlawful transaction the bank cannot be charged by his guilty participation.

This disposes of the only error assigned. The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 14.

*For reversal*—None.